UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESUS DAVID BECERRA SANDOVAL,

       Petitioner,

                                Case No. 1:26-cv-1168

v.

                                HON. ROBERT J. JONKER

KEVIN RAYCRAFT, et al.,

       Respondents.

_____ /

## ORDER RE: SUPPLEMENTAL BRIEFING

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement. Petitioner—a citizen of Venezuela—entered the United States in July 2023. (ECF No. 5-1, PageID.68.). At the time of his entry, he was detained by Department of Homeland Security agents and then paroled into the United States under 8 U.S.C. § 1182(d)(5)(A). (ECF No. 4-2, PageID.56; ECF No. 4-1, PageID.51; ECF No. 1, PageID.1, 4). In July 2025, however, DHS issued Petitioner a Notice to Appear, charging him with inadmissibility. (ECF No. 4-1, PageID.51). Roughly eight months later, in March 2026, ICE agents encountered and arrested Petitioner when Petitioner accompanied his girlfriend to her ICE check-in appointment. (ECF No. 4-2, PageID.55; Pet., ECF No. 1, PageID.4.).[1]

Before the Court decides the merits of Petitioner's claim, the parties must submit further briefing. This Court, like others in this district, has routinely granted immediate release to petitioners when the record indicates that the government improperly revoked their parole. *See,*

---

[1] Petitioner was scheduled for a master hearing before the Detroit Immigration Court on April 15, 2026 (ECF No. 4-3, PageID.58), but the parties do not provide any other information about that hearing.

*e.g.*, *Villasmil Ojeda v. Raycraft*, No. 1:26-cv-716, ECF No. 6, PageID.90-91 (W.D. Mich. April 17, 2026); *Benavente v. Raycraft*, No. 1:25-CV-1737, 2025 WL 3760755 (W.D. Mich. Dec. 30, 2025). In those cases, the Court notes that noncitizens may be paroled under 8 U.S.C. § 1182(d)(5)(A) "for urgent humanitarian reasons or significant public benefit." *Villasmil Ojeda*, No. 1:26-cv-716. The Court further notes that "[u]nder the governing regulation, [§ 1182(d)(5)(A)] parole may be terminated only if the purpose of parole is accomplished." *Id.* And, before granting relief, the Court finds that, under the circumstances of the case—including that the Petitioner is actively seeking asylum—the purpose of parole has not been accomplished. *Id.* (quoting *Loaiza Arias v. LaRose*, No. 3:25-cv-02595-BTM-MMP, 2025 WL 3295385, at *3 (S.D. Cal. Nov. 25, 2025).

But here, the record contains multiple ambiguities that are material to the Court's application of the parole revocation framework. First, although the Petitioner alleges in his petitioner that he has a pending asylum application (*see* ECF No. 1, PageID.4; ECF No. 5, PageID.65), one of the Petitioner's immigration documents from March 2026 states that Petitioner "has no pending [USCIS] applications." (ECF No. 4-2, PageID.56). Further highlighting this ambiguity, Petitioner does not provide any evidence to support that his asylum application is still pending. If it is true that Petitioner's asylum application is no longer pending, that would seem to suggest that—assuming Petitioner's parole was active at the time of his detention—there was no longer a "purpose" for the Petitioner's parole. *See Villasmil Ojeda*, No. 1:26-cv-716. But at this point, the record is too unclear for the Court to make that determination.

Second, the record suggests that Petitioner's parole either expired by its terms or was terminated by immigration officials before ICE detained him in March 2023. For example, when DHS issued a Notice to Appeal to the Petitioner in July 2025, charging him with inadmissibility,

2

the Notice indicated that Petitioner's "parole status is terminated or expired." (ECF No. 4-1, PageID.51). Another document submitted by Respondents also indicates that, at some point before his arrest in March 2026, he "was issued and served a Termination of Parole Issued Pursuant letter," which was signed by the "Field Office Director." (ECF No. 4-2, PageID.56). Respondents, however, provide no further explanation of these limited statements. Based on the current record, the Court is unable to assess whether parole did, in fact, expire by its terms or whether immigration officials properly terminated Petitioner's parole under the applicable regulations. If it is true that Petitioner's parole either expired, or was properly terminated by the Respondents, before immigration officials detained him in March 2026, then the standard parole revocation analysis would not apply. Instead, the normal Section 1225 and Section 1226 analysis, which this Court has applied on numerous occasions, would control.

The parties did not adequately consider either of these factual ambiguities and their potential legal implications in their initial briefing. As such, the parties have 14 days from the date of this order to submit additional briefing that clarifies the factual record and addresses the legal questions noted by the Court.

**IT IS SO ORDERED.**

Dated:   May 7, 2026                        /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE