UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JESUS DAVID BECERRA SANDOVAL,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-1172

Honorable Robert J. Jonker

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **BACKGROUND**

Petitioner is a native and citizen of Venezuela. (2023 Notice to Appear (NTA), ECF No. 5-1, PageID.68.) Petitioner entered the United States on or about July 22, 2023, at or near Eagle Pass, Texas, without inspection. (*Id*.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner. (Form I-213, ECF No. 4-2, PageID.56.) Thereafter, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]." (NTA, ECF No. 5-1, PageID.68.) Petitioner

was then paroled into the United States under 8 U.S.C. § 1182(d)(5).[1] (2025 NTA, ECF No. 4-1, PageID.51; Pet., ECF No. 1, PageID.1, 4.) Petitioner subsequently filed a Form I-589 Application for Asylum and Withholding of Removal, which remains pending. (Pet., ECF No. 1, PageID.4; Reply, ECF No. 5, PageID.65; ECF No. 8, PageID.75) Petitioner has no criminal history. (Form I-213, ECF No. 4-2, PageID.56.)

On March 30, 2026, ICE agents encountered and arrested Petitioner when Petitioner accompanied his girlfriend to her ICE check-in appointment. (*Id.*, PageID.55; Pet., ECF No. 1, PageID.4.) Petitioner is scheduled for a master hearing on June 15, 2026. (Notice of Internet-Based Hearing, ECF No. 8-1, PageID.77)

In Petitioner's § 2241 petition, originally filed in the United States District Court for the Eastern District of Michigan, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.7). Respondents filed their response to Petitioner's § 2241 petition on April 16, 2026. (ECF No. 4.) Petitioner filed his reply on April 21, 2026, (ECF No. 5.).

On May 7, 2026, the Court ordered the parties to submit supplemental briefing to address legal and factual questions regarding the status of petitioner's parole. (ECF No. 6). Petitioner responded on May 14, 2026. (ECF No. 10). Respondents responded on May 21, 2026. (ECF No. 8). Because the record suggests that Petitioner's parole either expired or was properly revoked

---

[1] The phrase "parole into the United States," as distinct from "conditional parole" under § 1226, specifically refers to parole pursuant to 8 U.S.C. § 1182(d)(5)(A), which "allows the executive to permit certain aliens 'on a case-by-case basis' to enter or remain in this country only for 'urgent humanitarian reasons or significant public benefit.'" *Cruz-Miguel v. Holder*, 650 F.3d 189, 198 (2d Cir. 2011).

before he was detained on March 30,[2] the Court will apply the same §§ 1225 and 1226 analysis that it has applied in hundreds of recent immigration detention proceedings. *See Mujica-Pena v. Raycraft*, No. 1:26-cv-684, ECF No. 10, PageID.149 (W.D. Mich. April 6, 2026).

### HABEAS CORPUS LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### I.    Merits Discussion

#### A.    Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties and the reasoning of the Sixth Circuit Court of Appeals in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th

---

[2] More specifically, the record indicates that Petitioner's was paroled into the United States for a 1-year period. In a notice issued to Petitioner on March 30, 2026 (the same day he was he was detained by ICE), ICE informed petitioner that "[o]n August 2, 2023, you were paroled into the United States . . .  valid for one year." (ECF No. 8-2, PageID.79). Moreover, in a Notice to Appear issued to Petitioner in July 2025—roughly a year before Petitioner was detained—DHS informed him that his "parole status" was "terminated or expired." (ECF No. 4-1, PageID.51). If Petitioner's parole expired by its terms before he was detained by ICE, as the record suggests, then this is not a parole revocation case, and the Section 1225 and Section 1226 analysis applies to his claim. *See Moran Cifuentes*, No. 1:26-cv-1172, ECF No. 12, PageID.44 (W.D. Mich. May 21, 2026). But even if Petitioner's parole did not expire by its terms, DHS's parole revocation letter from March 30 indicated that DHS properly revoked his parole before it detained him. In the letter, the government informed that it determined, after reviewing the "specific facts of your case," that "discretionary parole is no longer warranted" because "[n]either humanitarian reason nor public benefits warrant you continued parole." (ECF No. 8-2, PageID.79). That kind of determination is all the applicable regulations require. *See Villasmil Ojeda v. Raycraft*, No. 1:26-cv-716, ECF No. 6, PageID.90-91 (W.D. Mich. April 17, 2026). And the letter was issued the same date as the detention, which suggests that ICE made the determination beforehand. So the record indicates that ICE properly revoked Petitioner's parole before detaining him.

3

Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[3]

### B.    Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts' determinations the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL

---

[3] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States.

3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## II.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## III.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.

The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Petitioner is transferred out of the Western District of Michigan, the Court will retain the ICE Detroit Field Office Director and the Secretary for the Department of Homeland Security as Respondents. The Court will dismiss the United States Attorney General as a Respondent.

## <u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will order

Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:   May 22, 2026                              /s/
                                                    Robert J. Jonker
                                                    United States District Judge

---

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.